WARREN COUNTY ORPHANS COURT.

IN THE MATTER OF THE ESTATE OF ANNA H. WHEARY, DECEASED.

Decided June 26, 1940.

For the appellants, *Mackerley & Friedman*.

For the respondent, *Claude E. Cook*.

ROSECRANS, J. (Orally.) This is an appeal from probate. The will was prepared by a lay scrivener and the testatrix signed by mark, the lay scrivener appending in his handwriting the name of the testatrix. The statute provides that before the signing by the witnesses the signature of the testatrix must have been made or acknowledged by her and a publication or declaration of the instrument made by her as her will, both of these things being required to be done in the presence of two witnesses. *Re Amsden's Will,* 121 *N. J. Eq.* 571; 191 *Atl. Rep.* 801. The scrivener testified substantially as to the presence of the two witnesses and the signing by the testatrix but there was no proof whatever of publication. The only words uttered by the testatrix were, "I'm glad it's all over." The testimony of the other subscribing witness did not even go that far. She testified that she was summoned by the residuary legatee. She apparently knew that the call had something to do with the execution

of a will but in answer to a direct question by counsel of the proponent, "Did you know what you were signing?" she testified, "I couldn't say," and in a previous part of the examination she said, "I don't remember," when her attention was directed to the making of the mark by the testatrix. It is settled that all the requirements must be strictly followed in the making of a will. The law is clear that there must be, at the time of execution, some word or unmistakable act by the testatrix, or by someone in her presence to which she gives a sign of her assent, manifesting to the subscribing witnesses that the testatrix knew and wished them to know that she was executing her will. *Re Messach's Estate,* 16 *N. J. Mis. R.* 407; 1 *Atl. Rep.* (*2d*) 339. This case is in some respects similar to the one considered by Vice-Ordinary Buchanan in *Cook* v. *Taylor,* 113 *N. J. Eq.* 225; 166 *Atl. Rep.* 32, and his words are particularly applicable here: "There can be no doubt whatever, in the mind of anyone reading the testimony, but that the testatrix intended this instrument as her last will and testament and that she and the witnesses intended and endeavored to have it duly executed as such. Nevertheless, if any one of those things which the statute says must be done, in order to execute a valid will, was not done, or has not been proved to be done, the court cannot admit it to probate. *This case is only another illustration of the risk that is run by one who attempts the making of a will without legal advice * * *."* (Italics supplied.)

There is at least one of the statutory requisites entirely absent and that is publication. There was no declaration by the testatrix and no manifestation by word or sign indicating, after she had affixed her mark, that this was her will and she intended it as her last will and testament. Probate must be denied. The order of the surrogate is reversed and the letters testamentary revoked. Counsel may submit a decree in accordance herewith.